address defendant's remaining contentions. Present—Centra, J.P., Peradotto, Carni, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HOUGHTALING, Appellant. (Appeal No. 2.) [930 NYS2d 521]—

Same memorandum as in *People v Houghtaling* (87 AD3d 1302 [2011]). Present—Centra, J.P., Peradotto, Carni, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA L. MILLER, Appellant. [930 NYS2d 143]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), defendant contends that County Court made an insufficient inquiry regarding his waiver of the right to appeal and thus that the waiver is invalid. We reject defendant's contention. The court need not engage in any particular litany regarding a waiver of the right to appeal, so long as the court "make[s] certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (*People v Lopez*, 6 NY3d 248, 256 [2006]). Here, the record establishes that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (*see id.*; *People v Schenk*, 77 AD3d 1417 [2010], *lv denied* 15 NY3d 924 [2010], *reconsideration denied* 16 NY3d 836 [2011]). Although the valid waiver of the right to appeal does not encompass defendant's further contention that the *Alford* plea was not knowingly, intelligently or voluntarily entered, defendant failed to preserve that contention for our review by failing to move to withdraw his plea or to vacate the